UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL R. MATHIOUDAKIS, <br>    *Plaintiff*, <br> <br>    *vs.* <br> <br> CONVERSATIONAL COMPUTING CORPORATION and STEPHEN RONDEL, <br>    *Defendants.* <br> _____ <br> <br> STEPHEN RONDEL, <br>    *Third-Party Plaintiff*, <br> <br>    *vs.* <br> <br> MICHAEL O'NEIL, <br>    *Third-Party Defendant.* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:12-cv-00558-JMS-DKL |

### ORDER TO SHOW CAUSE

Plaintiff Michael Mathioudakis initiated this breach of contract action against Defendants Conversational Computing Corporation and Stephen Rondel on April 26, 2012, [dkt. 1], and filed a Second Amended Complaint on September 17, 2012, [dkt. 22]. On October 11, 2012, Mr. Rondel filed an Answer to Second Amended Complaint and Third-Party Complaint, in which he asserted third-party claims against Michael O'Neil.[1] [Dkt. 25 at 16-20.] Mr. O'Neil, *pro se*, then filed a Notice of Appearance to Contest Personal Jurisdiction, in which he requested that the Court "determine that it does not have personal jurisdiction over him and dismiss the Third Party Complaint against him [for] lack of personal jurisdiction." [Dkt. 28 at 2.] Mr. Rondel, treating Mr. O'Neil's Notice as a Motion to Dismiss, responded by arguing that the motion should be de-

---

[1] While not set forth in separate counts, it appears from the closing paragraph of the Third-Party Complaint that Mr. Rondel asserts claims against Mr. O'Neil for breach of fiduciary duty, defamation, and fraud. [Dkt. 25 at 20.]

nied because: (1) it was untimely filed, without a supporting brief; (2) it contains conclusory allegations which do not address any jurisdictional allegations in the Third-Party Complaint; and (3) the Third-Party Complaint adequately alleges facts to support personal jurisdiction over Mr. O'Neil. [Dkt. 30.] Mr. O'Neil then filed a Second Notice of Appearance to Contest Personal Jurisdiction, stating that he did not intend his first Notice to be a motion, but only intended to "advise the Court that I objected to the Court exercising personal jurisdiction over me." [Dkt. 31 at 1.]

Because Mr. O'Neil has stated that he did not intend for his Notice of Appearance to Contest Personal Jurisdiction to be a Motion to Dismiss, the Court will not treat it as such. While the Court is mindful of the fact that Mr. O'Neil is proceeding *pro se* in this matter, the Court notes, in any event, that filing a "notice" is not the proper mechanism for challenging personal jurisdiction. However, before the Court can address whether it has personal jurisdiction over Mr. O'Neil, it must first determine whether it has subject matter jurisdiction over Mr. Rondel's third-party claims against Mr. O'Neil.

A federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009), and counsel has a professional obligation to analyze it, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). Subject matter jurisdiction cannot be waived and "always comes ahead of the merits" of a case. *Leguizamo-Medina v. Gonzales*, 493 F.3d 772, 774 (7th Cir. 2007). Regardless of the "waste of effort" that results from a case partially or fully litigated in the wrong court, "both the Supreme Court and [the Seventh Circuit Court of Appeals] have noted time and again that subject matter jurisdiction is a fundamental limitation on the power of a federal court to act." *Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 980 (7th Cir. 2000).

### A. Diversity Jurisdiction

In order to invoke diversity jurisdiction in a civil action, the matter must be between citizens of different states and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The Court cannot determine from the docket whether it can exercise diversity jurisdiction over Mr. Rondel's third-party claims. In connection with those claims, Mr. Rondel has not alleged any information regarding his or Mr. O'Neil's citizenship. [Dkt. 25 at 16-20.] In his Notices, Mr. O'Neil states that he "is a resident of Washington" [dkt. 28 at 1, ¶ 1], and that "Mr. Rondel and I are Washington residents," [dkt. 31 at 2, ¶ 4]. Neither Mr. Rondel nor Mr. O'Neil alleges any information regarding the amount in controversy for the third-party claims.

The parties are reminded that: (1) an allegation of residency is not enough to establish diversity jurisdiction, *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); (2) residency and citizenship are not the same, *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002), and it is the citizenship that matters for purposes of diversity, *id.*; (3) jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); (4) it is insufficient for a party to generically allege that another party is *not* a citizen of a state, *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); and (5) the amount in controversy must exceed "$75,000 *exclusive of interest and costs*," 28 U.S.C. § 1332 (emphasis added).

Because the Court cannot determine whether diversity jurisdiction over Mr. Rondel's third-party claims is present, Mr. Rondel and Mr. O'Neil are **ORDERED** to file a joint jurisdictional statement by **February 8, 2013** detailing their respective citizenships and the amount in

controversy for the third-party claims. If the parties cannot agree on the contents of a joint statement, they are **ORDERED** to file competing statements by that date.

### B. Supplemental Jurisdiction

If diversity jurisdiction is not present, the only way that the Court may exercise jurisdiction is if supplemental jurisdiction exists over Mr. Rondel's third-party claims. This Court has supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Because diversity jurisdiction for the third-party claims is not clear, the Court must also evaluate the possible existence of supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). The Court may exercise supplemental jurisdiction over a third-party claim against non-diverse individuals if those claims are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III." *Ball ex rel. Envtl. Conservation & Chem. Corp. Site Trust Fund v. Versar, Inc.*, 2002 U.S. Dist. LEXIS 17389 (S.D. Ind. 2002). Supplemental jurisdiction over third-party state law claims between non-diverse parties does not exist where "claims did not arise out of the same transaction or occurrence." *Id.* (citing *Hartford Accident & Indem. Co. v. Sullivan*, 846 F.2d 377, 380, 382 (7th Cir. 1988)).

The Court questions whether the claims raised in the Third-Party Complaint meet the standard outlined above. Accordingly, the Court **ORDERS** the parties to **SHOW CAUSE** by **February 8, 2013** as to why this case should not be dismissed for lack of subject matter jurisdiction.

After the Court has reviewed Mr. Rondel's and Mr. O'Neil's submissions regarding subject matter jurisdiction, if it determines that it has subject matter jurisdiction over the third-party

claims, it will issue a further order setting forth a briefing schedule relating to the issue of whether it has personal jurisdiction over Mr. O'Neil. In the interim, any litigation regarding whether the Court has personal jurisdiction over Mr. O'Neil is **STAYED**.

Additionally, the Clerk is directed to **TERMINATE** Mr. O'Neil's Notice of Appearance to Contest Personal Jurisdiction, [dkt. 28], to the extent it was being treated as a motion requiring a ruling by the Court.

01/25/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas K. Caldwell
MADDOX HARGETT & CARUSO, PC
tkcaldwell@mhclaw.com

Mark E. Maddox
MADDOX HARGETT & CARUSO, PC
mmaddox@mhclaw.com

Robert W. York
ROBET W. YORK & ASSOCIATES
rwyork@york-law.com

**Distribution via U.S. Mail only:**

MICHAEL O'NEIL
6531 152nd Ave.
Bellevue, WA 98006